UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>RUSSELL MCCLOUD,<br>　　　　Defendant. | Case No.  17-cr-00025-JD-1<br><br>**ORDER RE COMPASSIONATE RELEASE AND MOTION TO SEAL**<br><br>Re: Dkt. Nos. 109, 110 |

　　　　Defendant Russell McCloud pleaded guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and is serving a term of imprisonment of 65 months in the Federal Correctional Complex at Lompoc, California.  He has asked to set aside his sentence under 28 U.S.C. § 2255 on ineffective assistance of counsel and other grounds.  Dkt. No. 92.  That motion is under submission.  He has also filed a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on the basis of a heightened risk of severe illness from COVID-19 due to obesity and chronic kidney disease.  Dkt. No. 109.  The motion is denied without prejudice.

　　　　The parties agree, and the Court independently finds, that the administrative exhaustion requirement has been satisfied.  More than thirty days have elapsed since McCloud submitted a release request to the warden of FCC Lompoc.  Dkt. No. 109-1, Exh. A.  Consequently, there is no exhaustion bar to judicial relief.  *See* 18 U.S.C. 3582(c)(1)(A) (court may reduce term of imprisonment only after "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility").

　　　　The Court may reduce a term of imprisonment and substitute "a term of probation or supervised release" for "extraordinary and compelling reasons" when "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id*.  The

applicable policy guidance is in Section 1B1.13 of the advisory United States Sentencing Guidelines.  The comments to this section contemplate a reduction in sentence because of a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG § 1B1.13 cmt. n.1(A)(ii).  They also state that any "extraordinary and compelling reason" may justify compassionate release, even if not specifically described in the advisory guidelines.  *Id.* cmt. n.1(D).  As in every exercise of sentencing discretion, the Court must take into account the applicable factors set out by Congress in 18 U.S.C. § 3553(a) to ensure that any revised term of imprisonment is sufficient, but not greater than necessary, to achieve the goals of sentencing.  *See* 18 U.S.C. § 3582(c)(1)(A).

McCloud's request is based mainly on conditions of chronic kidney disease (CDK) and obesity as defined by a body mass index of 30 or higher, as well as infection conditions at the Lompoc facility where he is incarcerated.  Dkt. No. 109.  McCloud was assessed on August 20, 2019, with "chronic kidney disease, stage 2 (mild)" by a Bureau of Prisons medical officer.  Dkt. No. 109-1, Exh. B. at BOP 0020.  The medical records do not appear to expressly state he is obese, but the government did its own calculation to that effect.  *See* Dkt. No. 112 at 3.  The records also report back pain related to spondylolisthesis and arthritis, possibly residual to an auto accident.  *See* Dkt. No. 109-1, Exh. B. at BOP 0001, 0047.

There is no doubt that McCloud has some medical issues of concern, but he has not shown that his circumstances are extraordinary and compelling in that respect.  CDK and obesity have recently been recognized as factors that may increase a person's risk of severe illness from COVID-19.  *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention (updated Aug. 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  But McCloud's CDK is described as "mild" and his medical records do not indicate that he requires any medical treatment or interventions for this condition.  The "patients with kidney disease who appear most at risk for COVID-19 are those with a kidney transplant, due to immunosuppression, and those who undergo in-center hemodialysis treatments thrice weekly, due to inability to self-isolate."  Maria Ajaimy & Michal

L. Melamed, *COVID-19 in Patients with Kidney Disease*, 15 Clinical J. Am. Soc'y Nephrology 1087, 1087 (2020). In addition, his weight and height generate a BMI that is just slightly over the threshold level of 30. He is 48 years old, and otherwise in reasonably good health. *See, e.g.,* Dkt. No. 109-1, Exh. B at BOP 0048. Overall, he has not established a serious degree of medical vulnerability or risk.

McCloud also has not shown that the infection rate at Lompoc tilts the balance in his favor. While at times Lompoc "has hardly been a model of effective infection monitoring or control," *United States v. Zahn*, No. 4:18-CR-00150-JD-1, 2020 WL 3035795, at *2 (N.D. Cal. June 6, 2020), the United States Penitentiary in Lompoc currently has only five active cases, *see COVID-19 Coronavirus*, Federal Bureau of Prisons (accessed Sept. 1, 2020, 9:24 AM), https://www.bop.gov/coronavirus/.

Other factors weigh against a release from custody. Section 3553(a) directs the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the sentence to "reflect the seriousness of the offense," deter criminal conduct, and protect the public. 18 U.S.C. § 3553(a). The Court discussed these factors in detail when sentencing McCloud to a 65-month term of imprisonment. *See* Sentencing Tr., Dkt. No. 83, at 20-25. It took into account McCloud's extensive criminal history, which includes convictions for armed robbery of a bank, evading a peace officer with disregard for safety, driving under the influence of alcohol, two convictions for being a felon in possession of a firearm, and three convictions for selling or possessing for sale controlled substances. *Id.* at 22-23. It considered the nature of the crime for which McCloud is currently incarcerated, "which, among other features, included Mr. McCloud being found with a loaded Glock handgun and $30,000 of cash stuffed into the pages of a *Vogue* magazine." *Id.* at 23. The Court was particularly concerned about evidence showing that McCloud came from a relatively stable background free of any form of violence, and had "chosen a life of crime." *Id.* at 22-23. And the Court noted that McCloud had failed to comply with conditions of his supervised release for other crimes on at least two occasions. *Id.* at 24.

All of these concerns still stand, and provide a substantial counterbalance to the possibility of a sentence reduction. McCloud poses a significant risk to the public, and has a history of flouting the conditions of his criminal sentences. He has not demonstrated an unusual degree of medical risk.

Consequently, the motion for compassionate release is denied without prejudice. McCloud may renew his request if warranted by new developments in his health and medical records, or changes in the infection conditions at Lompoc.

McCloud's request to file his medical records under seal, Dkt. No. 110, is granted. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

**IT IS SO ORDERED.**

Dated: September 1, 2020

JAMES DONATO
United States District Judge